IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JOHN TRUJILLO,

    Plaintiff,

vs.                                    Cause No. 15-CV-00901 GBW/WPL

RIO ARRIBA COUNTY ex rel,
RIO ARRIBA COUNTY SHERIFF'S
DEPARTMENT, DEPUTY GILBERT ATENCIO,
in his individual capacity, and
LIEUTENANT MARVIN ARMIJO,
in his individual capacity,

    Defendant.


**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
TO RECOVER DAMAGES PURSUANT TO THE NEW MEXICO
TORT CLAIMS ACT AND FOR THE DEPRAVATION OF
<u>RIGHTS GUARANTEED BY THE NEW MEXICO CONSTITUTION</u>**

    **COME NOW**, Defendants Rio Arriba County, Rio Arriba County Sheriff's Department, Deputy Gilbert Atencio, in his individual capacity, and Lieutenant Marvin Armijo, in his individual capacity, by and through their attorney of record, Brennan & Sullivan, P.A. (James P. Sullivan and Sabrina Rodriguez Salvato) and submit their Answer to Plaintiff's Complaint seeking damages pursuant to the New Mexico Tort Claims Act, NMSA 1978, NMSA 1978, §§ 41-4-1 to -27 and Title II of the American with Disabilities Act, 42 U.S.C. § 12132.

    1.    Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 1 of Plaintiff's Complaint.

    2.    Defendants admit the allegations in paragraph 2 of the Complaint.

    3.    Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Defendants state the New Mexico Tort Claims Act governs Counts I, II, and III of Plaintiff's Complaint.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. Defendants admit the allegations in paragraph 7 and affirmatively state the United States District Court for the District of New Mexico has original jurisdiction and venue over Count IV of Plaintiff's Complaint and supplemental jurisdiction over Counts I to III and venue is proper in the District of New Mexico.

8. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 8 of Plaintiff's Complaint.

9. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 9 of Plaintiff's Complaint.

10. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 10 of Plaintiff's Complaint.

11. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 11 of Plaintiff's Complaint.

12. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 12 of Plaintiff's Complaint.

13. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 13 of Plaintiff's Complaint.

14. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 17 of Plaintiff's Complaint.

18. Defendants admit Plaintiff told Defendant Armijo that he had consumed beer with dinner at El Paragua restaurant in Española earlier that evening and are without sufficient knowledge belief as to the remaining allegations in paragraph 18 of Plaintiff's Complaint.

19. Defendants admit Plaintiff told Defendant Armijo that he had earlier drank beer and had something to eat at El Paragua. Defendants affirmatively state Plaintiff told Defendant Atencio he had one beer with dinner and then later said he had two beers.

20. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 20 of Plaintiff's Complaint.

21. Defendants admit the allegations in paragraph 21 of the Complaint.

22. Defendants admit the allegations in paragraph 22 of the Complaint.

23. Defendants admit Plaintiff retracted the roof of the Mini Cooper that he was driving and are without sufficient knowledge to form a belief as to the remaining allegations in paragraph 23 of the Complaint.

24. Defendants admit the allegations in paragraph 24 of the Complaint.

25. Defendants admit Plaintiff informed Defendant Armijo that he had consumed beer

earlier in the day and are without sufficient knowledge for form a belief as to the remaining allegations in paragraph 25 of the Complaint.

26. Defendants admit the allegations in paragraph 24 of the Complaint.

27. Defendants admit Plaintiff pulled his car over as instructed and are without sufficient information to form a belief about the remaining allegations in paragraph 27 of the Complaint.

28. Defendants admit the allegations in paragraph 28 of the Complaint.

29. Defendants admit the allegations in paragraph 29 of the Complaint.

30. Defendants admit the allegations in paragraph 30 of the Complaint.

31. Defendants admit the allegations in paragraph 31 of the Complaint.

32. Defendants admit the allegations in paragraph 32 of the Complaint.

33. Defendants admit the allegations in paragraph 33 of the Complaint.

34. Defendants admit the allegations in paragraph 34 of the Complaint.

35. Defendants admit the allegations in paragraph 35 of the Complaint.

36. Defendants admit the allegations in paragraph 36 of the Complaint.

37. Defendants admit the allegations in paragraph 37 of the Complaint.

38. Defendants admit the allegations in paragraph 38 of the Complaint.

39. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 39 of Plaintiff's Complaint.

40. Defendants admit the allegations in paragraph 40 of the Complaint.

41. Defendants admit the allegations in paragraph 41 of the Complaint.

42. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 42 of Plaintiff's Complaint.

43. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 43 of Plaintiff's Complaint.

44. Defendants admit Plaintiff said he had problems with his knees are without sufficient knowledge to form a belief as to the allegations in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants admit the allegations in paragraph 46 of the Complaint.

47. Defendants admit Plaintiff told Defendant Atencio that he had consumed two beers earlier in the evening but deny he "again" responded. Defendants affirmatively state Plaintiff told Defendant Atencio he had one beer with dinner and then later said he had two beers.

48. Defendants admit the allegations in paragraph 48 of the Complaint.

49. Defendants admit Plaintiff blew into the PBT but are without sufficient knowledge to form a belief as to the remaining allegations in paragraph 49 of Plaintiff's Complaint.

50. Defendants admit the allegations in paragraph 50 of the Complaint.

51. Defendants admit the allegations in paragraph 51 of the Complaint.

52. Defendants admit the allegations in paragraph 52 of the Complaint and affirmatively state PBT results cannot be preserved.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants admit the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants admit the allegations in paragraph 56 of the Complaint.

57. Defendants admit the allegations in paragraph 57 of the Complaint.

58. Defendants admit the allegations in paragraph 58 of the Complaint.

59. Defendants admit the allegations in paragraph 59 of the Complaint.

60. Defendants admit the allegations in paragraph 60 of the Complaint.

61. Defendants admit the allegations in paragraph 61 of the Complaint.

62. Defendants admit the allegations in paragraph 62 of the Complaint.

63. Defendants admit the allegations in paragraph 63 of the Complaint.

64. Defendants admit the allegations in paragraph 64 of the Complaint.

65. Defendants admit the allegations in paragraph 65 of the Complaint.

66. Defendants admit the allegations in paragraph 65 of the Complaint.

67. Defendants admit the allegations contained in paragraph 67 of the Complaint.

68. Defendants without sufficient knowledge to form a belief as to the allegations in paragraph 68 of Plaintiff's Complaint.

69. Defendants admit the allegations contained in paragraph 69 of the Complaint.

70. Defendants admit the allegations contained in paragraph 70 of the Complaint.

71. Defendants admit the allegations contained in paragraph 71 of the Complaint.

72. Defendants without sufficient knowledge to form a belief as to the allegations in paragraph 72 of Plaintiff's Complaint.

73. Defendants admit the allegations contained in paragraph 73 of the Complaint.

74. Defendants admit the allegations contained in paragraph 74 of the Complaint.

75. Defendants admit the allegations contained in paragraph 75 of the Complaint.

76. Defendants admit the allegations contained in paragraph 76 of the Complaint.

77. Defendants admit the allegations contained in paragraph 77 of the Complaint.

78. Defendants admit the allegations contained in paragraph 78 of the Complaint.

79. Defendants admit Defendant Armijo called Michael Romero and the car was released into the custody of Michael Romero. Defendants are without sufficient knowledge to form a belief as to the remaining allegations in paragraph 79 of Plaintiff's Complaint.

80. Defendants admit the allegations contained in paragraph 80 of the Complaint.

81. Defendants admit the allegations contained in paragraph 81 of the Complaint.

82. Defendants admit the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants admit Plaintiff was not medically cleared by the hospital for incarceration and that Plaintiff was diagnosed with Peritoneal Dialysis by the emergency department staff at Española hospital.

85. Defendants admit the allegations contained in paragraph 85 of the Complaint.

86. Defendants admit the allegations contained in paragraph 86 of the Complaint.

87. Defendants admit the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants admit the allegations contained in paragraph 89 of the Complaint.

90. Defendants admit the allegations contained in paragraph 90 of the Complaint.

91. Defendants admit Plaintiff was placed in handcuffs but deny the remaining allegations in paragraph 91 of Plaintiff's Complaint.

92. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 92 of Plaintiff's Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Defendants are without sufficient knowledge to form a belief as to the allegations in paragraph 94 of Plaintiff's Complaint.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Defendants admit the allegations contained in paragraph 96 of the Complaint. Defendants affirmatively state that it was the policy that bail could only be accepted in money order, not cash or personal check.

97. Defendants are without sufficient knowledge to form a belief as to the allegations contained in paragraph 9y of Plaintiff's Complaint, therefore, denied.

98. Defendants are without sufficient knowledge to form a belief as to the allegations contained in paragraph 98 of Plaintiff's Complaint.

99. Defendants admit the blood test taken at the time of the arrest came back negative for Ethanol (alcohol). Defendants are without sufficient knowledge to form a belief as to the results of a second blood alcohol test.

100. Defendants deny the allegations contained in paragraph 100 of the Complaint.

101. Defendants are without sufficient knowledge to form a belief as to the allegations contained in paragraph 101 of Plaintiff's Complaint, therefore, denied. Defendants affirmatively state that Mr. Trujillo's wife was present at his license revocation hearing and the revocation hearing is a public hearing.

102. Defendants admit the allegations contained in paragraph 102 of the Complaint and affirmatively state the hearing officer did not have the blood test results in his file at the time of the hearing and therefore the hearing was adjourned without a finding under the Implied Consent Act, NMSA 1978, § 66-8-105 to -112.

103. Defendants admit the allegations contained in paragraph 103 of the Complaint.

104. Defendants deny the Plaintiff's rights were violated.

105. Defendants admit no video recording of Plaintiff's arrest was taken by Defendants.

106. Plaintiff states a legal conclusion in paragraph 106 of his complaint to which no response is required. To the extent a response is required, Defendants admit they received a Tort Claims Notice dated August 28, 2013.

107. Defendants are without sufficient knowledge to form a belief as to the allegations contained in paragraph 107 of the Complaint.

108. Defendants incorporate their previous responses to Plaintiff's allegations herein.

109. Defendants admit the allegations in paragraph 109 and affirmatively state Plaintiff was lawfully arrested for suspicion of Driving While Under the Influence of alcohol.

110. Defendants admit the allegations in paragraph 110 of the Complaint.

111. Defendants deny the allegations in paragraph 111 of the Complaint.

112. Defendants deny the allegations of paragraph 112 of the Complaint.

113. Defendants deny the allegations of paragraph 113 of the Complaint.

114. Defendants incorporate their previous responses to Plaintiff's allegations herein.

115. Defendants deny the allegations of paragraph 115 of the Complaint.

116. Defendants deny the allegations of paragraph 116 of the Complaint.

117. Defendants deny the allegations of paragraph 117 of the Complaint.

118. Defendants deny the allegations of paragraph 118 of the Complaint.

119. Defendants incorporate their previous responses to Plaintiff's allegations herein.

120. Defendants deny the allegations of paragraph 120 of the Complaint.

121. Defendants deny the allegations of paragraph 121 of the Complaint.

122. Defendants deny the allegations of paragraph 122 of the Complaint.

123. Defendants deny the allegations of paragraph 123 of the Complaint.

124. Defendants deny the allegations of paragraph 124 of the Complaint.

125. Defendants incorporate their previous responses to Plaintiff's allegations herein.

126. Plaintiff states a legal conclusion in paragraph 126 of his complaint to which no response is required.

127. Plaintiff states a legal conclusion in paragraph 127 of his complaint to which no response is required.

128. Plaintiff states a legal conclusion in paragraph 128 of his complaint to which no response is required.

129. Plaintiff states a legal conclusion in paragraph 129 of his complaint to which no response is required.

130. Defendants deny the allegations in paragraph 130 of the Complaint.

131. Defendants deny the allegations in paragraph 131 of the Complaint.

132. Defendants deny the allegations in paragraph 132 of the Complaint.

133. Defendants deny the allegations in paragraph 133 of the Complaint.

134. Defendants deny the allegations in paragraph 134 of the Complaint.

135. Defendants deny the allegations in paragraph 135 of the Complaint.

136. Defendants deny the allegations in paragraph 136 of the Complaint.

137. Defendants deny the allegations in paragraph 137 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint for damages is limited pursuant to the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's causes of action are barred and Defendant has been conferred immunity from suit pursuant to the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

### THIRD AFFIRMATIVE DEFENSE

At all times material hereto Defendant has acted in good faith.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are immune from suit.

### SIXTH AFFIRMATIVE DEFENSE

Defendants' actions were privileged.

### SEVENTH AFFIRMATIVE DEFENSE

Based upon allegations contained in the Complaint, the individual Defendants are entitled to qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing.

**WHEREFORE**, Defendants request that Plaintiff's Complaint be dismissed with prejudice, for costs of suit, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.

By: */s/ Sabrina Rodriguez Salvato*
Sabrina Rodriguez Salvato
James P. Sullivan
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of November, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Joseph P. Kennedy, Esq.
KENNEDY, KENNEDY & IVES, LLC
1000 Second Street, NW
Albuquerque, NM 87102
(505) 244-1400
(505) 244-1406 FAX
jpk@civilrightslawnewmexico.com
*Attorneys for Plaintiff*

By: */s/ Sabrina Rodriguez Salvato*
Sabrina Rodriguez Salvato