IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN TRUJILLO,

    Plaintiff,

vs.                                           Cause No. 15-CV-00901 JB-WPL

**RIO ARRIBA COUNTY ex rel,
RIO ARRIBA COUNTY SHERIFF'S
DEPARTMENT, DEPUTY GILBERT ATENCIO,**
in his individual capacity, and
**LIEUTENANT MARVIN ARMIJO,**
in his individual capacity,

    Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on December 7, 2015 at 3:00 p.m. and was attended by:

    Joseph P. Kennedy
    *Attorney for Plaintiff*

    Sabrina Rodriguez Salvato
    *Attorney for Defendants*

## NATURE OF THE CASE

This is a tort and civil rights suit brought pursuant to the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27 and Title II of the American with Disabilities Act, 42 U.S.C. § 1232. The case arises out of the August 22, 2013 arrest of Plaintiff, John Trujillo, for driving while under the influence of alcohol. Plaintiff brings counts for false imprisonment, false arrest, malicious abuse of process, and ADA violations.

Defendants deny Plaintiff's allegations, deny proximately causing any injury or damage to Plaintiff, and affirmatively contend that all Defendants' actions were done on good faith, without malice, were justified, were objectively reasonable, and were not taken with any violation to Plaintiff's rights.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: None at this time.

Plaintiff(s) should be allowed until **March 7, 2016** to move to amend the pleadings and until **March 7, 2016** to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file: None at this time.

Defendants(s) should be allowed until **April 6, 2016** to move to amend the pleadings and until **April 6, 2016** to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts: None at this time.

The parties further stipulate and agree that the law governing this case is: the American with Disabilities Act, 42 U.S.C. § 1232 and the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

## PLAINTIFF'S CONTENTIONS:

Plaintiff, John Trujillo, is an honorably discharged veteran of the United States Army. He

served his country as an infantry officer in the Vietnam conflict. Plaintiff's service to this country has left him 100% disabled due to degenerative joint disease in his knees, and nephropathy, end stage renal disease associated with diabetes mellitus. Plaintiff underwent surgery for cataracts related to his diabetes in November, 2014. Plaintiff was 68 years-old, 5'11" tall and approximately 240 lbs at the time of his arrest. Plaintiff had a handicap placard present and visible in his wife's vehicle, a red 2007 Mini Cooper Convertible, at all material times.

August 22, 2013, Plaintiff had an appointment at the Albuquerque Veterans Affairs Medical Center at 2:00 PM. Plaintiff left his home in Angel Fire, New Mexico, at approximately 9:00 AM and proceeded to his appointment, making various stops along the way to eat and run errands. Around 12:51 PM Plaintiff arrived at the Veterans Affairs Hospital in Albuquerque. At approximately 3:24 PM Plaintiff left the Veterans Affairs hospital and ran additional errands in Albuquerque until approximately 4:00 PM, when he began to make his way back to Angel Fire. Plaintiff arrived at El Paragua restaurant, located at 603 Santa Cruz Rd., Española, NM 87532, at approximately 5:46 PM. Plaintiff consumed a chicken taco plate and two Dos XX ® Amber beers while at El Paragua. Plaintiff paid for his meal at 6:31 PM and left El Paragua, proceeding on his way home to Angel Fire, traveling along Highway 68 toward Taos, New Mexico. At approximately 7:00 PM Plaintiff encountered a DWI checkpoint on Highway 68 near mile marker 14.50 in Velarde, New Mexico, and stopped in line, waiting to proceed through the checkpoint. Upon information and belief, Plaintiff believes that Lt. Marvin Armijo of the Rio Arriba County Sheriff's Department approached his car. Lt. Armijo asked Plaintiff if he had consumed any alcohol within the past few hours. Plaintiff informed Lt. Armijo that he had two beers with his dinner. Lt. Armijo instructed Plaintiff to pull over to the side of the road.

Plaintiff pulled his car over as instructed. Deputy Gilbert Atencio approached Plaintiff's

car. Deputy Atencio asked Plaintiff where he had consumed alcohol. Plaintiff told Deputy Atencio of his dinner at El Paragua. Deputy Atencio asked Plaintiff what brand of beer he had consumed. Plaintiff responded "Dos XX." Deputy Atencio asked Plaintiff if his beer was served in a bottle or a glass. Plaintiff responded that his beer was served in a bottle. Deputy Atencio asked Plaintiff to get out of his wife's car. Plaintiff asked Deputy Atencio if he could retrieve his walking cane from the trunk of his car. Plaintiff's Handicap Placard was plainly visible on the dash of his car. Deputy Atencio told Plaintiff to step away from the car. Deputy Atencio denied Plaintiff the opportunity to retrieve his cane. Plaintiff repeatedly attempted to explain to Deputy Atencio that he had physical disabilities and offered to produce his Handicap Placard to prove his physical limitations. Deputy Atencio ignored Plaintiff.

Deputy Atencio requested Plaintiff complete and walk and turn test. Due to Plaintiff's physical condition, he was not able to successfully complete a walk and turn test. Deputy Atencio required Plaintiff to perform the finger dexterity test. Plaintiff is missing his right thumb. Deputy Atencio required Plaintiff to recite the alphabet from the letter H to S. Plaintiff had no problem reciting the alphabet as instructed. Deputy Atencio arrested Plaintiff for driving under the influence of alcohol. Deputy Atencio placed Plaintiff in handcuffs.

Other officers on the scene used Plaintiff's phone to call his friend, Michael Romero, and arranged for him to pick up Plaintiff's vehicle. Plaintiff was placed in Deputy Atencio's squad car. Plaintiff called his daughter, Attorney April White, and informed her that he was being arrested. Deputy Atencio took Plaintiff to Española Hospital for blood testing. Medical staff informed Deputy Atencio that Plaintiff would not be medically cleared for incarceration due to the seriousness of his medical problems; specifically, because he has a port in his abdomen for Peritoneal Dialysis, which Plaintiff performs at home each night. Deputy Atencio informed

Plaintiff that if he had so many medical problems then he should not be operating a motor vehicle while impaired by alcohol. Deputy Atencio had Plaintiff's blood drawn for a blood test. Plaintiff requested an additional draw for an independent blood test. Deputy Atencio denied Plaintiff the opportunity to submit to an additional blood draw for the independent blood test. Deputy Atencio charged Plaintiff with driving under the influence of alcohol.

Deputy Atencio held Plaintiff at the Rio Arriba County Sherriff's office. Deputy Atencio instructed the deputies at the office to keep Plaintiff in handcuffs from the time he was arrested, at approximately 7:16 PM, until his daughter, Attorney White, paid his bail, around midnight. Throughout the encounter Plaintiff was only allowed out of handcuffs once, to sign paperwork related to his arrest which he could not read. When he was allowed out of handcuffs to sign the paperwork, Deputy Atencio ridiculed Plaintiff for not having his reading glasses with him. At some point Deputy Atencio permitted Plaintiff to be brought back to Española Hospital for an independent blood draw. Deputy Atencio delayed Plaintiff's independent draw. Plaintiff's daughter, Attorney White, arrived at the Sherriff's Office and was informed that Plaintiff's bail would cost $3,005.00 and would only be accepted in the form of a money order. Attorney White was told that if she was unable to procure her father's bail then he would be booked into the Rio Arriba County Detention Center in Tierra Amarilla, his medical issues notwithstanding. Attorney White drove around Española to procure the required bail and bailed Plaintiff out around midnight. When the results of Plaintiff's two blood tests were made available they indicated that he had no alcohol in his system. Despite the fact that Plaintiff's blood tests were negative for alcohol, Deputy Atencio continued to pursue charges against him and to attempt to have his license revoked. Deputy Atencio objected to Plaintiff having his wife with him at the Motor Vehicle Division license revocation hearing without cause to do so. Deputy Atencio was

unable to produce Plaintiff's blood test results for the Motor Vehicle Division hearing officer and proceedings to revoke Plaintiff's license were terminated.

On January 14, 2014, Plaintiff's charges were nolle prosequi'd by the First Judicial District Attorney's Office because he "demonstrated proof of his disability." Plaintiff's charges were thereby dismissed with prejudice. See M-43-DR-201300206. No supervisory officer, including Lt. Armijo, ever intervened to protect Plaintiff's rights or correct Deputy Atencio's actions. Plaintiff's health issues require him to travel to Albuquerque on a regular basis. Because of his encounter with Deputy Atencio, Plaintiff now no longer travels through Española, but instead travels 30 miles out of his way and proceeds through Las Vegas to avoid future encounters with Deputy Atencio and the Rio Arriba County Sherriff's Department. Plaintiff claims damages in pain and suffering and emotional distress. Plaintiff seeks punitive damages against Deputy Atencio and costs and attorney fees from all defendants.

## **DEFENDANTS' CONTENTIONS**

Defendants erected a constitutionally valid DWI checkpoint near mile marker 14.50 on Highway 68. Plaintiff stopped at the checkpoint and after admitting to Defendant Marvin Armijo that he had consumed beer, was pulled outside of the line to be further questioned by Defendant Gilbert Atencio. Defendant Atencio asked Plaintiff where he had consumed the alcohol. Plaintiff responded he had one beer with his dinner at El Paragua. Plaintiff had an object in his mouth. Defendant Atencio asked him to spit it out; the object was a mint. In Defendant Atencio's experience, drivers will use mints to minimize the odor of alcohol.

Defendant Atencio next asked Plaintiff what size and brand of beer Plaintiff had consumed. Plaintiff responded with the cost of his meal. Upon further clarification, Plaintiff

stated he had drunk "Dos XX." Plaintiff hesitated before responding to Defendant Atencio's question about whether the beer was served in a glass or a bottle. Defendant Atencio asked Plaintiff to step outside of his car. Plaintiff appeared unsteady on his feet and held on to the door for balance. Plaintiff as asked to walk to the back of the car. Plaintiff held onto the vehicle as he walked to the rear of the car. Defendant Atencio asked Plaintiff to step away from the car and Plaintiff responded by saying he could not stand on one foot. Defendant Atencio told Plaintiff that he was not asking him to stand on one foot and again asked him how many beers he had consumed. This time Plaintiff admitted to having consumed two beers.

At this point, Defendant began conducting a routine field sobriety test. Plaintiff had some difficulty with the visual gaze test. Plaintiff informed Defendant Atencio about his knee problems and also demonstrated an ability to walk and stand. But Plaintiff demonstrated difficulty standing in the instructional phase of the walk and turn test. Plaintiff also had difficulty with the finger dexterity test. Defendant Atencio also noted Plaintiff had slurred speech and a flushed face. Defendant Atencio administered a preliminary portable breathalyzer test and Plaintiff blew a 0.12. Based on the above information, Defendant Atencio arrested Plaintiff, with probable cause, for driving under the influence of alcohol.

Plaintiff submitted to a blood alcohol test and requested an additional independent test. Plaintiff was taken to Espanola hospital for both the blood tests. The hospital would not medically clear Plaintiff for incarceration. Plaintiff was taken to the Rio Arriba County Sheriff's station to await release.

The results of Plaintiff's official blood test results were not available at the time of his MVD revocation hearing that was triggered by statute. Based on the lack of evidence, no determination was made at the hearing.

The results of the official blood test were negative. The criminal case was dismissed nolle prosequi.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**Plaintiff's Witnesses (the following individuals have been identified as possible witnesses at this time):**

1. John Trujillo
   c/o Kennedy, Kennedy & Ives, LLC
   1000 Second Street, NW
   Albuquerque, NM 87102

   Plaintiff Trujillo may testify to the incidents alleged in the Complaint, and to the damages he suffered as a result of the incident.

2. Linda Trujillo
   c/o Kennedy, Kennedy & Ives, LLC
   1000 Second Street, NW
   Albuquerque, NM 87102

   Ms. Trujillo is Plaintiff's wife. She may testify to her knowledge of the incidents alleged in the Complaint, and to the damages Plaintiff suffered as a result of the incident.

3. April D. White
   Yenson, Allen & Wosick, PC
   4908 Alameda Blvd., NE
   Albuquerque, NM 87113-1736

Ms. White is Plaintiff's daughter.  She may testify to her knowledge of the incidents alleged in the Complaint, and to the damages Plaintiff suffered as a result of the incident.

4. Deputy Gilbert Atencio
    Rio Arriba County Sheriff's Office
    c/o Brennan & Sullivan, PA
    128 East De Vargas
    Santa Fe, NM 87501

    Defendant Atencio may testify to his knowledge, as it is relates to the allegations in the Complaint.

5. Deputy Marvin Armijo
    Taos County Sheriff's Department
    c/o Brennan & Sullivan, PA
    128 East De Vargas
    Santa Fe, NM 87501

    Deputy Armijo may testify to his knowledge, as it is relates to the allegations in the Complaint

6. Persons identified by Defendants.

7. Persons identified in discovery.

8. Such records custodians and other witnesses as may be necessary to establish, authenticity, foundation, or other requirements for the admission of evidence.

9. Such additional witnesses as may be identified through discovery and continuing investigation.

**Plaintiff's Documents (Likely Trial Exhibits which are known at this time to Plaintiff, John Trujillo)**

1. Plaintiff's records showing disability.

**Plaintiff's Experts:**

Plaintiff has not yet made determinations on an expert witness but reserves the right to do so at a later date.

**Defendants' Witnesses (the following individuals have been identified as possible witnesses at this time):**

1.  John Trujillo
    c/o Kennedy, Kennedy & Ives, LLC
    1000 Second Street, NW
    Albuquerque, NM 87102

    Mr. Trujillo is expected to testify as to his background, the allegations set forth in the Complaint and other areas appropriate for defending this lawsuit.

2.  Deputy Gilbert Atencio
    Rio Arriba County Sheriff's Office
    c/o Brennan & Sullivan, PA
    128 East De Vargas
    Santa Fe, NM 87501

    Deputy Atencio is expected to have information regarding the allegations set forth in Plaintiff's Complaint and other areas appropriate for defending this lawsuit.

3.  Deputy Marvin Armijo
    Taos County Sheriff's Department
    c/o Brennan & Sullivan, PA
    128 East De Vargas
    Santa Fe, NM 87501

    Deputy Armijo may have information regarding the allegations set forth in Plaintiff's Complaint and other areas appropriate for defending this lawsuit.

4.  Phillip A. Sanchez
    Assistant District Attorney
    First Judicial District of New Mexico
    P.O. Box 2041
    Santa Fe, NM 87504

    Mr. Sanchez dismissed the criminal DWI case against Mr. Trujillo and may have information regarding the allegations set forth in Plaintiff's Complaint and other areas appropriate for defending this lawsuit.

5.  April D. White
    Yenson, Allen & Wosick, P.C.
    4908 Alameda Blvd. NE
    Albuquerque, NM 87113-1736

    Ms. White is Mr. Trujillo's daughter and posted bail for him. She may have information regarding the allegations set forth in Plaintiff's Complaint and other areas appropriate for defending this law suit.

  6. Persons identified by Plaintiff.

  7. Persons identified in discovery.

  8. Such records custodians and other witnesses as may be necessary to establish, authenticity, foundation, or other requirements for the admission of evidence.

  9. Such additional witnesses as may be identified through discovery and continuing investigation.

**Defendants' Documents (Likely Trial Exhibits which are known at this time to Defendants, Rio Arriba County, Rio Arriba County Sheriff's Department, Gilbert Atencio, and Marvin Armijo):**

  1.  Tort Claims Notice (Dated August 28, 2013)

  2.  Complaint (filed in state court on August 20, 2015)

  3.  Answer to Complaint (filed November 3, 2015) [Doc. 5]

  4.  Plaintiff's Answers to Interrogatories

  5.  Plaintiff's Medical Records

  6.  Court file in M-43-DR-2013-206

  7.  MVD hearing (held on November 5, 2013)

  8.  Police Report

  9.  DWI logs

  10.  Toxicology report(s)

**Defendants' Experts:** Defendants have not identified an expert at this time and contemplate the need for a toxicology expert and a police procedures expert.

  Discovery will be needed on the following subjects: *All areas relevant to the Complaint and the defense thereof.*

Maximum of **25** interrogatories by Plaintiff to all Defendants, collectively and **25** interrogatories by all Defendants, collectively, to Plaintiff. (Responses due 30 days after service, unless agreed upon extension.)

Maximum of **25** requests for admission by Plaintiff to all Defendants, collectively and **25** requests for admission by all Defendants, collectively, to Plaintiff. (Responses due **30** days after service, unless agreed upon extension.)

Maximum of **25** requests for production by Plaintiff to all Defendants, collectively and 25 requests for production by all Defendants, collectively, to Plaintiff. (Responses due **30** days after service).

Maximum of **10** depositions by Plaintiff and **10** by Defendants.

Each deposition, other than of parties and experts, limited to maximum of **4 hours** unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by **March 6, 2016.**

    from Defendants by **April 7, 2016.**

Supplementation under Rule 26(e) due in accordance with the Federal Rules of Civil Procedure.

All discovery commenced in time to be complete by **May 7, 2016.** Discovery on *(issue for early discovery)* to be completed by N/A.

**Other Items:** There are no other discovery items at this time.

## PRETRIAL MOTIONS

Plaintiff intends to file: None at this time.

Defendants intends to file: motions to dismiss, motions for judgment on the pleadings, motion for summary judgment on all or some of Plaintiff's claims, qualified immunity motions, motions in limine, discovery motions, and other motions permitted by the Federal Rules of Civil Procedure.

### ESTIMATED TRIAL TIME

The parties estimate trial will require **3** to **4** days/weeks.

____ This is a non-jury case.

**X** This is a jury case.

The parties request a pretrial conference **30 days prior to trial.**

### SETTLEMENT

The possibility of settlement in this case is fair.

### EXCEPTIONS

There are no exceptions.

        APPROVED WITHOUT EXCEPTIONS

        KENNEDY, KENNEDY & IVES, LLC

        <u>Approved via email on 1/5/2016</u>
        Joseph P. Kennedy, Esq.
        1000 Second Street, NW
        Albuquerque, NM 87102
        (505) 244-1400
        *Attorney for Plaintiff*

        BRENNAN & SULLIVAN, P.A.

        *<u>/s/ Sabrina Rodriguez Salvato</u>*
        James P. Sullivan
        Sabrina Rodriguez Salvato
        128 East DeVargas
        Santa Fe, New Mexico 87501
        (505) 995-8514
        *Attorneys for Defendants*