IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN TRUJILLO,

    Plaintiff,

vs.                                    Cause No.  15-CV-00901 JB-WPL

RIO ARRIBA COUNTY ex rel,
RIO ARRIBA COUNTY SHERIFF'S
DEPARTMENT, DEPUTY GILBERT ATENCIO,
in his individual capacity, and
LIEUTENANT MARVIN ARMIJO,
in his individual capacity,

    Defendant.

## DEFENDANTS' MOTION TO STAY DISCOVERY

**COME NOW** Defendants, Rio Arriba County, Rio Arriba County Sheriff's Department, Deputy Gilbert Atencio, and Lieutenant Marvin Armijo, by and though their counsel of record, Brennan & Sullivan P.A. (James P. Sullivan and Sabrina Rodriguez Salvato), and moves this Court for an Order staying discovery until this Court rules on Defendants' Motion for Qualified Immunity and Summary Judgment.  [Doc. 34] In support of this motion, Defendants state as follows:

### I.  ARGUMENT

#### QUALIFIED IMMUNITY PROTECTIONS

Federal jurisprudence instructs that once a motion to dismiss or for summary judgment based on qualified immunity is filed, a defendant is entitled to a stay of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Such a stay is proper, even at the earliest stages of a case. *See*

*Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991) ("Decision of this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits.").

Qualified immunity "is both a defense to liability and a limited entitlement not to stand trial or face the other burdens of litigation." *Ashcroft v. Iqbal*, 556 U.S. 662, 672, 129 S. Ct. 1937, 1946 (2009) (citation omitted). The Supreme Court in *Iqbal* reasoned that all discovery for all defendants should be stayed, not just for the individuals asserting qualified immunity. *Iqbal*, 556 U.S. at 685.

After the filing of Defendants' motion on qualified immunity, discovery may only continue on discrete matters. *See Ben Ezra, Weinstein & Co. v. America Online Inc.*, 206 F.3d 980, 987 (10th Cir.) (holding that, under Rule 56(f) (now Rule 56(d)), nonmoving party seeking additional discovery must demonstrate precisely how additional discovery will lead to a genuine issue of material fact), *cert. denied*, 531 U.S. 824 (2000); *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1264 (10th Cir. 2006) (Rule 56([d]) affidavit must state with specificity how additional discovery will rebut summary judgment motion), *cert. denied,* 550 U.S. 933 (2007). If Plaintiffs make such a showing, the Court will issue an order consistent with the "narrowly tailored" requirements of *Maxey by Maxey v. Fulton*, 890 F.2d 279, 282, 283 (10th Cir. 1989), and will outline what discovery may be taken, the nature and extent of the discovery and the time limit for completing discovery.

In the present case, Defendants filed a Motion for Qualified Immunity and Motion for Summary Judgment. [Doc. 34]  Therefore, pursuant to federal jurisprudence, discovery must be stayed pending the resolution of this motion.

**WHEREFORE** Defendants respectfully request the Court stay discovery in this matter until the resolution of their Motion for Qualified Immunity and Motion for Summary Judgment.

        Respectfully submitted,

        BRENNAN & SULLIVAN, P.A.

By: */s/ Sabrina Rodriguez Salvato*
     Sabrina Rodriguez Salvato
     James P. Sullivan
     128 East DeVargas
     Santa Fe, New Mexico 87501
     (505) 995-8514
     *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of June, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Joseph P. Kennedy, Esq.
Theresa V. Hacsi, Esq.
KENNEDY, KENNEDY & IVES, LLC
1000 Second Street, NW
Albuquerque, NM  87102
(505) 244-1400
(505) 244-1406 FAX
jpk@civilrightslawnewmexico.com
tvh@civilrightslawnewmexico.com
*Attorneys for Plaintiff*

By: */s/ Sabrina Rodriguez Salvato*
     Sabrina Rodriguez Salvato