IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN TRUJILLO,

      Plaintiff,

vs.                                  No. 15-CV-00901 JB-WPL

RIO ARRIBA COUNTY ex rel,
RIO ARRIBA COUNTY SHERIFF'S
DEPARTMENT, DEPUTY GILBERT ATENCIO,
in his individual capacity, and
LIEUTENANT MARVIN ARMIJO,
in his individual capacity,

      Defendants.

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE

COMES NOW, Plaintiff, John Trujillo, by and through his attorneys, Kennedy, Kennedy & Ives, and states the following for his Reply in Support of Motion to Extend Discovery Deadline:

On January 20, 2016, the District Court set a discovery deadline of May 9, 2016 [Doc 16]. On April 11, 2016, defense counsel asked for deposition dates for plaintiff and his expert. See **Exhibit 1**, letter from attorney Salvato. On April 18, 2016, undersigned counsel, in responding to a follow-up e-mail from defense counsel requesting deposition dates for plaintiff and plaintiff's expert, requested dates for depositions of the two named defendants. See **Exhibit 2**, email from attorney Joseph Kennedy. On April 26, 2016, defense counsel informed undersigned counsel that the two officers would be in SWAT training for the first three weeks of May. See **Exhibit 3**, email correspondence from attorney Salvato. That same day, undersigned counsel then asked whether defense counsel would oppose an extension of the discovery deadline so that Plaintiff would be able to take the depositions of the named defendants. See

**Exhibit 3**, email from attorney Joseph Kennedy. Defense counsel responded, "Of course not." See **Exhibit 4**, email from attorney Salvato. Had defense counsel not agreed to allow her clients to be deposed outside of the discovery deadline, undersigned counsel would have set the depositions of the officers prior to the end of discovery.

On April 28, 2016, undersigned counsel offered June 1, 3, 9 and 10, for the depositions of the individual defendants. See **Exhibit 5**, email correspondence from Kennedy Kennedy & Ives. Defendants took plaintiff's expert deposition on May 2, 2016, and plaintiff's deposition on May 5, 2016. On May 4, 2016, Defense counsel responded to the April 28, 2016 email asking if undersigned counsel would mind sending another set of dates, as defense counsel was unavailable due to having a "case with mandatory block off dates for depositions I am trying to work around and I would rather not split the two depositions since there will likely be travel involved." See **Exhibit 5**. On May 12, 2016, undersigned counsel sent an email to defense counsel offering the week of June 20th and the week of June 27th. See **Exhibit 6**, email from Kennedy Kennedy & Ives. On May 9, 2016, counsel exchanged emails related to an extension of discovery. See **Exhibit 7**, email from Kennedy Kennedy & Ives. On May 12, 2016, defense counsel responded that she was holding the 29th for the defendants' depositions. See **Exhibit 8**, email from attorney Salvato. On May 17, 2016, undersigned counsel asked defense counsel if the depositions of the officers could be taken at her office. Undersigned counsel then followed up on that inquiry on May 20, 2016. See **Exhibit 9**, emails from Kennedy Kennedy & Ives. Defense counsel replied on May 23, 2016, that their office was available. See **Exhibit 10**, email from attorney Salvato. Defense counsel has now said that she will not produce the named defendants for deposition because she contends the officers are entitled to qualified immunity.

A party must show good cause to modify a scheduling order. <u>Lehman Bros. Hldgs. Ins., vs. Universal American Mortgage Company, LLC</u>, 300 F.R.D. 678, 680-81. Here, but for the

assertion of qualified immunity, it appears defense counsel does not oppose plaintiff taking the depositions of the individual defendants. Defendants oppose any extension for any other purpose. Plaintiff can agree to Defendants' position on no discovery other than the requested depositions being done.

Defense counsel agreed to produce her clients for depositions outside the discovery deadline to accommodate the training schedules of the officers. Plaintiff's counsel recognized the importance of well-trained police officers to the residents of the State of New Mexico as well as visitors.  In order to facilitate both interests, it seemed a reasonable thing to agree to allow the officers to receive training uninterrupted and to take their depositions after the close of discovery.  Plaintiff requests that this Court find good cause for the extension of discovery for the sole purpose of taking defendants' depositions.

Despite agreement to produce her clients for depositions, defense counsel now claims the assertion of qualified immunity must result in a stay of the proceedings.   The individual defendants are not being sued under the American with Disabilities Act. The Act only applies to entities. Thus, there is no qualified immunity. See e.g., Butler vs. City of Praire Village, Kan., 772 F. 3d 736, 744 (10th Cir. 1999) (establishing no individual capacity suits under the ADA). There is no right to a stay of discovery.

**WHEREFORE**, Plaintiff requests that this Court extend the discovery deadline in this matter until June 29, 2016, to allow Plaintiff to depose the individual defendants.

        Respectfully Submitted:

        **KENNEDY KENNEDY & IVES**

        */s/ Joseph P .Kennedy*
        Joseph P. Kennedy
        Theresa V. Hacsi
        *Attorneys for Plaintiff*
        1000 2nd Street NW
        Albuquerque, NM 87102
        (505) 244-1400   Fax (505) 244-1406

 I hereby certify that a true and correct copy of the foregoing was delivered via the CM/ECF filing system on the day of its filing to all counsel of record.

*/s/ Joseph P. Kennedy*
Joseph P. Kennedy