IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLERK'S MINUTES

*BEFORE DISTRICT JUDGE JAMES O. BROWNING*

| | | | |
|---|---|---|---|
| **CASE NO.:** | 15-901 JB/WPL | **DATE:** | September 21, 2016 |
| **CASE CAPTION:** | *Trujillo v. Rio Arriba Cty., et al.* | | |
| **CRD:** | K. Wild | **COURT REPORTER:** | Robin Brazil |
| **COURT IN SESSION:** | 9:02 a.m. | **COURT IN RECESS:** | 9:34 a.m. = :32 |

**TYPE OF PROCEEDING:** Motion Hearing (see below)

**COURT'S RULING/DISPOSITION:** Motion for Qualified Immunity and Summary Judgment [34] – **INCLINED TO GRANT IN PART (AS TO FEDERAL CLAIMS) AND REMAND STATE CLAIMS**

**ORDER CONSISTENT WITH COURT'S RULING TO BE PREPARED BY:**   Court

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFF(S):** | **ATTORNEYS PRESENT FOR DEFENDANT(S):** |
| Shannon Kennedy (appearing telephonically) | Sabrina Rodriguez-Salvato (appearing telephonically) |

**PROCEEDINGS**

**COURT IN SESSION:**   **9:02 a.m.**

**Court:**   With parties' consent, Court appearing telephonically from out of district (Dallas, TX). Calls case. Counsel enter appearances.

**Court:**   Have read all briefing and all attachments Defendants submitted -- did not get done with attachments to Plaintiff's response -- did read all of Plaintiff's deposition -- was going through his medical records this morning -- because the Defendant attached some of Atencio's deposition have read some of that -- on page 2 of medical records (Doc. 55-3) -- so if counsel need to rely on attachments after that point, will need to assist Court because did not get done reading. Initial impression was that the police officer had probable cause, which believe looks like the ADA claim is the only thing that is here, so wondering if this is sort of a *J.H.* situation once the Court determines probable cause - it sort of ends the inquiry on the ADA claim. As far as the state claims, understand the Defendants' arguments that the Court's ruling may have rushed you to that, but would still be inclined – given this is a removed case - to send it back to state court and let the state deal with the state claims rather than this Court dealing with those.

**9:06 a.m.   Ms. Salvato:**   Argues in support of motion.

**9:08 a.m.   Ms. Kennedy:** Argues in response in opposition to motion – this case is distinct from *J.H.* case given stature of Plaintiff in this case.

**9:20 a.m.   Ms. Salvato:**   Argues in reply in further support of motion.

**Ms. Kennedy:**   Argues further in opposition to motion.

**9:31 a.m.   Ms. Salvato:**   Argue further in support of motion.

**Court:**   Inclined to find probable cause and grant motion in part and remand state claims back to state court - will, of course, take today's arguments into account, but inclined to grant the motion in part and dismiss the ADA claim and send the state claims back to state court.   Will probably not be able to turn to this decision for at least the next 10 days or so, but will try to get it out as soon as possible.   Anything further?

**Ms. Salvato:**   Have trial set in November – if Court gets out in October would give Court opportunity to vacate trial and clear its schedule.

**Court:**   If counsel are beginning to get nervous about the trial setting, as do not want counsel to have to work on case any more until decision is issued, call CRD and will try to determine where work is on runway.

**Ms. Kennedy:**   Fine.

**COURT IN RECESS:**       9:34 a.m.